Filed 6/20/13  Stewart v. Placer Foreclosure CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

| | |
|---|---|
| RUSSELL STEWART, | C069271 |
| Plaintiff and Appellant, | (Super. Ct. No. 39201000238438CUORSTK) |
| v. | |
| PLACER FORECLOSURE, INC. et al., | |
| Defendants; | |
| SHERMAN PEARL, as Trustee, etc., et al., | |
| Interveners and Respondents. | |

Russell Stewart brought this action to quiet title to certain real property, and to enjoin its disposition by a trustee sale proceeding pending resolution of his underlying claim.  Following an unreported court trial, the court entered judgment quieting title in favor of interveners Sherman Pearl and Geri Pearl (the Pearls), as trustees of the Pearl Trust.

Stewart appeals on the judgment roll.  He contends that he was wrongly denied the right to a jury trial, and the trial court erred in relying on a "fraudulent probate spousal order" in ruling in favor of the Pearls.  We find no error, and shall affirm the judgment.

1

BACKGROUND

We treat this case as an appeal on the judgment roll, because it reaches us based on a clerk's transcript. (Cal. Rules of Court, rule 8.832 (further references to rules are to the Cal. Rules of Court); cf. *Dumas v. Stark* (1961) 56 Cal.2d 673, 674; *Allen v. Toten* (1985) 172 Cal.App.3d 1079, 1082-1083.) When the case is presented in this posture, we presume that the trial court's findings of fact are supported by substantial evidence, and its conclusions of law are binding upon us unless error appears on the face of the record. (*Bond v. Pulsar Video Productions* (1996) 50 Cal.App.4th 918, 924.)[1]

Stewart initiated this action in April 2010 by filing an ex parte application against Placer Foreclosure, Inc., Jimmie E. Mason, and Carolyn McGuire for a temporary restraining order and order to show cause why a trustee's sale of real property located on Shilling Avenue in Lathrop should not be enjoined. In his declaration submitted in support of the request, Stewart averred that he is the owner of the property. The grant deed Stewart submitted to show his ownership of the property reflects that Stewart, as "special administrator for Barbara E. Jackson," transferred the property to himself "as his sole and separate property" in 2004. Stewart further averred that defendants Mason and McGuire fraudulently used the Shilling Avenue property as collateral for a loan sometime prior to April 2007 and recorded a deed of trust against the property.

Following a hearing, the trial court entered the requested restraining order against defendants Mason and McGuire.

---

[1]     The Pearls' motion that we take judicial notice of various documents admitted into evidence at the bench trial, filed on September 17, 2012, remains pending. We decline this request for judicial notice, as the documents are neither necessary, helpful, nor relevant to our disposition of the case. (See *Mangini v. R.J. Reynolds Tobacco Co.* (1994) 7 Cal.4th 1057, 1063-1065, overruled on other grounds, *In re Tobacco Cases II* (2007) 41 Cal.4th 1257, 1276.)

The Pearls, as trustees of the Pearl Trust, intervened in this action to obtain declaratory relief and to quiet title to the Shilling Avenue property in themselves. The Pearls obtained two deeds of trust from defendants Mason and McGuire in consideration for two loans recorded against the property. The Pearls had no constructive or actual knowledge that Stewart claimed an ownership interest in the property.

The Pearls foreclosed upon the deed of trust and obtained the property through the foreclosure sale recorded in December 2010.

Following an unreported bench trial, the court ruled that the grant deed recorded by Stewart in 2004, purporting to convey the Shilling Avenue property to himself, "was without proper authorization and failed to provide constructive notice of a conveyance of the property." The court found the Pearls were therefore "bona fide purchasers of the property by virtue of their bona fide encumbrancer status under the foreclosing . . . deed of trust." The court declared the grant deed recorded by Stewart to be null and void and declared the Pearls to be owners of the property and against Stewart's adverse claims.

DISCUSSION

Stewart's pro se appellate brief is virtually incomprehensible.[2] Accordingly, we cannot determine the legal basis for his challenge to the judgment after court trial. Since the court's judgment is presumptively correct (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564 (*Denham*)) and Stewart has provided no citations to applicable legal authority or legal analysis, his arguments may be considered forfeited or abandoned. (*Guthrey v. State of California* (1998) 63 Cal.App.4th 1108, 1115; *Landry v. Berryessa Union School*

---

[2]      For example, on page 8 of his appellant's brief, in the last sentence of a two-and-one-half-page paragraph, Stewart writes: "The relationship between the courts of equity and the rights of the beneficial owner to claim against the former legal owner where the sale was improper. (Appellant[']s position could not be more clearly stated.)" It is unfortunate that this sentence fragment represents the clearest statement of Stewart's position on appeal.

3

*Dist*. (1995) 39 Cal.App.4th 691, 699-700; *Ellenberger v. Espinosa* (1994) 30 Cal.App.4th 943, 948.)[3]

To the extent Stewart's brief may be read to question whether the trial court erred in conducting a court trial, rather than a jury trial, on the competing quiet title claims of Stewart and the Pearls, he is mistaken. As a general proposition, a jury trial is a matter of right in a civil action at law, but not in equity. (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1237, citing *C & K Engineering Contractors v. Amber Steel Co*. (1978) 23 Cal.3d 1, 8) and actions to quiet title to property are generally equitable claims. (*Nwosu v. Uba, supra,* 122 Cal.App.4th at p. 1241; see *Thomson v. Thomson* (1936) 7 Cal.2d 671, 681.) Neither Stewart's complaint nor any pleading filed by the Pearls appears in the record on appeal but, even if they also raised legal issues, "[w]here plaintiff's claims consist of a 'mixed bag' of equitable and legal claims, the equitable claims are properly tried first by the court. A principal rationale for this approach has been explained as follows: ' "When an action involves both legal and equitable issues, the equitable issues, ordinarily, are tried first, for this may obviate the necessity for a subsequent trial of the legal issues." [Citation.]' " (*Nwosu v. Uba, supra,* 122 Cal.App.4th at p. 1238 and cases cited therein.) Under such circumstances, "[i]t is beyond question that the trial court had the authority to order a trial of the equitable claims before a trial of [any] remaining legal claim[s]." (*Id*. at p. 1242.)

Stewart also appears to suggest the court erred in ruling in favor of the Pearls because it relied on a "fraudulent probate spousal order" and failed to "treat appellant[']s non fraudulent probate order with due respect." When an appeal is on the judgment roll,

---

**3** Stewart's apparent reliance in his appellate brief on Wikipedia for his assertion that the trial court abused its discretion in trying the equitable claims is misguided, and for his understanding of a the role of notice on a bona fide purchaser's status is unhelpful. (For a general discussion on the danger of relying on Wikipedia, see *Crispin v. Christian Audigier, Inc*. (C.D. Cal. 2010) 717 F.Supp.2d 965, 977, fn. 19.)

4

we must conclusively presume evidence was presented that is sufficient to support the court's findings (*Ehrler v. Ehrler* (1981) 126 Cal.App.3d 147, 154) and we must conclusively defer to the trial court on issues of credibility.  (See *Lenk v. Total-Western, Inc.* (2001) 89 Cal.App.4th 959, 968.)  Our review is limited to determining whether any error "appears on the face of the record."  (*National Secretarial Service, Inc. v. Froehlich* (1989) 210 Cal.App.3d 510, 521; rule 8.163.)  The trial court expressly found Stewart had no authority to convey the property to himself and that, in purporting to do so, Stewart failed to provide constructive notice of a conveyance of the property so as to undermine the Pearls' position as bona fide purchasers.  These findings may not be challenged on this limited appellate record.  (*Denham, supra*, 2 Cal.3d at p. 564.)

DISPOSITION

The judgment is affirmed.  The Pearls, as trustees of the Pearl Trust, are awarded their costs on appeal.  (Rule 8.278 (a)(2).)

                                           BLEASE                              , J.

We concur:

     RAYE                              , P. J.

     NICHOLSON                , J.